## SULLIVAN et al. v. HOUSTON & T. C. R. CO.

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1912.)

1. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SPECIFICATIONS—SUFFICIENCY.

An assignment of error that the court erred in denying a new trial for the reasons in the bill of exceptions, based on errors in the charge, and in granting special charges, cannot be considered, because it fails to specify the grounds of error relied on, as required by Rev. St. 1895, art. 1018, and court rules 24–26 (142 S. W. xii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS—REQUISITES.

A proposition following an assignment of error, which only refers to propositions under other assignments of error, violates court rules 30, 33 (142 S. W. xiii), providing that each point under each assignment shall be stated as a proposition, which shall refer to the particular grounds relied on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where the proposition subjoined to an assignment of error complaining of a paragraph of the charge copied in the assignment complains of the charge for failure to instruct on matters raised by the evidence, but fails to disclose the evidence, and the only statement following the proposition is a quotation from the petition, the assignment cannot be considered, in view of court rule 31 (142 S. W. xiii), providing that to each proposition there shall be subjoined a statement of the proceedings in the record necessary to support the proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where the propositions following an assignment of error complaining of the giving of a special requested charge do not point out wherein the charge is erroneous, and the subjoined statements to the propositions do not disclose error, the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Grimes County; S. W. Dean, Judge.

Action by Mrs. Anna Sullivan and others against the Houston & Texas Central Railroad Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

T. C. Buffington and T. P. Buffington, both of Navasota, for appellants. Baker, Botts, Parker & Garwood and Jno. T. Garrison, all of Houston, and Geo. D. Neal, of Navasota, for appellee.

McKENZIE, J. Mrs. Anna Sullivan, for herself and minor children, sued the Houston & Texas Central Railroad Company, in the district court of Grimes county, to recover damages for the death of her husband, W. A. Sullivan, alleging that the accident occurred at a bridge, which bridge was constructed over a bar pit at or near the railroad crossing upon the defendant's right of way. The deceased was in his buggy, driving across said bridge, and while crossing the horse which he was driving backed, with the buggy, off of the bridge; the horse falling upon the deceased and inflicting injuries which caused his death. The negligence alleged was that the said bridge, which was constructed by the railroad company on its right of way

---

leading to the crossing, was constructed so that the floor formed a steep incline, and that the bridge was without banisters; that both the incline of the bridge and the lack of banisters rendered said bridge unsafe for travelers in going over same to reach the crossing.

Appellee urges objection to the consideration of each of the appellants' assignments of error. We will treat of these objections in their order, as we consider the respective assignments of error.

[1, 2] Appellants' first assignment of error is as follows: "The court erred in refusing to grant plaintiffs' motion for a new trial, filed by plaintiffs herein on the 15th day of June, A. D. 1911, and in refusing to set aside the verdict and judgment entered in this case. Said motion for a new trial should have been granted, because of the reasons set forth in plaintiffs' bills of exceptions from 1 to 6, being errors in the general charge of the court, and in granting certain special charges asked by the defendant; and because of the errors so committed plaintiffs did not have a fair and impartial trial of this case—the errors so committed being prejudicial to plaintiffs' rights before the jury." To this assignment is the following proposition: "Same proposition, statement, and authorities as under third, fifth, sixth, seventh, and eighth assignments of error." This proposition is not followed by any statement. The assignment of error cannot be considered by the court, because it does not distinctly specify the grounds relied upon, as required by article 1018, Revised Statute of 1895. It appears that the assignment, as well as the proposition, also violates the rules which govern this court. See Rules, 102 Tex. xii, 67 S. W. xi. Rule 24 (102 Tex. xxviii, 67 S. W. xv) requires that the assignment shall distinctly specify the ground relied upon; and it is provided by rule 25 (102 Tex. xxviii, 67 S. W. xv) that, "to be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it. * * *" And rule 26 (102 Tex. xxviii, 67 S. W. xv) provides that "assignments of error which are expressed only in such general terms as that the court erred in its rulings upon the pleadings, when there are more than one, or in its charge, when there are a number of charges, or the verdict is contrary to law, or to the charge of the court, and the like, without referring to and identifying the proceeding, will not be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified, and will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed." As to the kind of proposition required, it is provided in rule 30 (102 Tex. xxix, 67 S. W. xvi) that "each point under each assignment shall be stated as a proposition, unless the assignment itself may sufficiently disclose the point, in which event it may be sufficient to copy the assignment." Rule 33 (102 Tex. xxviii, 67 S. W. xvi) provides that "in a proposition relating to error of the court in overruling a motion for a new trial or to arrest the judgment, in which there are several grounds, the particular ground or grounds should be referred to with the appropriate explanation. * * *" As to the required statement which must be subjoined to the proposition, rule 31 (102 Tex. xxviii, 67 S. W. xvi) requires that "to each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. * * *"

It will be observed from the foregoing that appellants have flagrantly disregarded the statute and the rules of the court in preparing their cause for submission: First. The assignment is not sufficient, in that it fails to distinctly specify the grounds, as required by article 1018, supra, and rules 24, 25, and 26, supra. Second. The proposition following the assignment violates rules 30 and 33, supra, and is insufficient, also, because it only refers the court to propositions to be found under other assignments of error, which is not permissible. San Antonio Foundry Co. v. Drish, 38 Tex. Civ. App. 214, 85 S. W. 440. By reference, however, to the propositions under said assignments, we find as many separate propositions as there are assignments of error, dealing with different subjects. This is not permissible. McAllen v. Raphael, 96 S. W. 760.

We overrule appellants' third assignment of error. The charge of the court as complained of, when taken in connection with the other part of the charge, is quite sufficient, and certainly the jury was not misled thereby.

[3] The fifth assignment of error complains of the eighth paragraph of the general charge of the court, which paragraph is copied in the assignment. The proposition following the assignment does not complain that the charge of the court is incorrect, but rather as omitting to charge upon matters which appellants contend were raised by the evidence. The proposition subjoined to the assignment fails to disclose what this evidence is; and the only statement following the proposition and assignment appears to be a quotation from plaintiffs' petition. Certainly the allegations in the petition cannot be considered by this court as evidence. The statement fails to explain and support the proposition as made, and is therefore in violation of the requirements of rule 31, supra. Nothing is stated under the assignment and proposition in appellants' brief which discloses any error, or that appellants were in-

jured in the manner by the charge; nor does it show that the charge as given did not cover fully all the issues as raised by the evidence. We are not warranted, therefore, in considering further this assignment. Wirtz v. G., H. & S. A. Ry. Co., 132 S. W. 513.

[4] Under the sixth assignment complaint is made to a special charge requested by the defendant and given by the court to the jury. We have examined the two propositions in appellants' brief following the assignment, and neither of said propositions points out wherein the charge is erroneous; nor do the subjoined statements to the propositions disclose error, so far as we are able to determine. The evidence set out in the statement under the second proposition fails to disclose harmful error in the charge; and certainly we would not be required to go to the record and there search for some proof which would render the charge complained of inapplicable. We are of opinion, for the reasons as given, that this assignment should not be further considered.

The eighth assignment of error, complaining of a special charge given by the court to the jury, is not considered, because the appellants merely refer us to "same proposition as under the sixth assignment of error." This is not permissible. San Antonio Foundry Co. v. Drish, supra. The statement subjoined fails to disclose wherein the charge, as submitted by the court to the jury, was not wholly justified.

Having considered the assignments of error as presented in appellants' brief, and finding no error which would require a reversal of this cause, we are of opinion that the case should be, in all things, affirmed.

Affirmed.